## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-10816 |
| | ) | Jointly Administered |
| ON-SITE SOURCING, INC., et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER (A) ESTABLISHING BID PROCEDURES RELATED TO THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) SCHEDULING A HEARING
TO CONSIDER THE SALE, (C) APPROVING THE FORM AND MANNER OF NOTICE
OF SALE BY AUCTION, (D) ESTABLISHING PROCEDURES FOR NOTICING AND
DETERMINING CURE AMOUNTS
AND (E) GRANTING RELATED RELIEF**

This matter came to be heard by this Court upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), requesting (i) entry of an order (a) approving bid procedures (the "Bid Procedures") for the sale of substantially all of their assets as more fully set forth in that certain asset purchase agreement (the "APA") by and between the Debtors and Integreon Discovery Solutions (DC), Inc. (the "Stalking Horse Purchaser"), (b) establishing the date, time and place for a sale hearing (the "Sale Hearing"), (c) approving the form and manner of notice of the sale by auction (the "Sale Notice"), (d) establishing procedures for noticing and determining cure amounts (the "Cure Notice") and (e) granting related relief; and (ii) entry of an order (the "Sale Order") (1) approving the sale (the "Transaction" or the "Sale") free and clear of all liens, claims, encumbrances and interests, (2) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed and Assigned Contracts") and (3) granting related relief; and it appearing that notice of the Motion is appropriate under the circumstances and that no other or further notice need be given; and it appearing that the

---

[1] The debtors in these proceedings are: On-Site Sourcing, Inc., DocuForce, Inc. and On-Site LA, Inc.

relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**[2]

A.     This court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief requested herein are sections 363(b), 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.     Notice of the Motion having been given to the Notice Parties (as defined below) is sufficient in light of the circumstances and the nature of the relief requested herein.

D.     The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sales process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling a Sale Hearing; (iii) approving the Sale Notice; and (iv) approving the Cure Notice.

E.     The Bid Procedures attached hereto as Exhibit 1 are reasonably calculated to provide an orderly sale process.  Specifically, the Bid Procedures carefully balance the Debtors' interests in (i) inducing the Stalking Horse Purchaser to commit to consummate the Transaction and (ii) preserving the opportunity to attract higher and better offers.  The Bid Procedures ensures that the maximum value is recovered for the Debtors' estates.

---

[2]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

F.      The Bid Procedures were negotiated in good faith by the Debtors and the Stalking Horse Purchaser. Specifically, the Expense Reimbursement (as defined in the Bid Procedures attached hereto as Exhibit 1) is fair and reasonable in amount and is reasonably related to the Stalking Horse Purchaser's risk, effort and expenses associated with its proposed purchase of the assets described in the APA (the "Purchased Assets"). The Expense Reimbursement is the product of extensive negotiations between the Debtors and the Stalking Horse Purchaser. Accordingly, payment of the Expense Reimbursement is: (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Stalking Horse Purchaser; (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Stalking Horse Purchaser; and (iv) necessary to induce the Stalking Horse Purchaser to continue to pursue the sale transaction and to continue to be bound by the APA.

G.      The Expense Reimbursement also induced the Stalking Horse Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtors, their creditors and other bidders may rely. The Stalking Horse Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that Debtors will receive the best possible price for the Purchased Assets. The Expense Reimbursement will not have an adverse impact upon the Debtors, their estates or their creditors. Accordingly, the Bid Procedures, including the Expense Reimbursement, are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

4820-5296-0515.1

H.     The Sale Notice attached hereto as Exhibit 2 is reasonably calculated to provide all interested parties with timely and proper notice of the Transaction, the Sale Hearing and the Auction (as defined in the Bid Procedures attached hereto as Exhibit 1).

I.     The Cure Notice attached hereto as Exhibit 3 is reasonably calculated to provide all counter-parties to the Assumed and Assigned Contracts (the "Contract Parties") with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any cure amounts relating thereto.

J.     The entry of this Order is in the best interests of the Debtors, their estates, creditors and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The relief requested in the Motion is granted to the extent set forth herein.

2.     The Debtors are hereby authorized to enter into and execute the APA and to perform such obligations under the APA which arise prior to the Sale Hearing.

3.     The Bid Procedures attached hereto as Exhibit 1 and the Expense Reimbursement are hereby approved and fully incorporated into this Order and shall apply with respect to the proposed sale of the Purchased Assets.

4.     The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.  The Debtors are authorized and directed to pay any and all amounts that become due or payable to the Stalking Horse Purchaser under the Bid Procedures and the APA without further order of the Court.

5.     The deadline for submitting a Qualified Bid (as defined in the Bid Procedures attached hereto as Exhibit 1) shall be March 23, 2009 at 5:00 p.m. Eastern Time (the "Bid Deadline").

6.     If the Debtors do not receive any Qualified Bids other than the APA, they will not hold the Auction and the Stalking Horse Purchaser will be named the Successful Bidder (as defined in the Bid Procedures attached hereto as Exhibit 1).

7.     To the extent at least one Qualified Bid, other than the Stalking Horse Purchaser's Bid, is timely received, the Debtors shall conduct the Auction commencing no later than 10:00 a.m. Eastern Time on March 27, 2009 at the offices of Kutak Rock LLP, 1101 Connecticut Avenue, Suite 1000, Washington, DC 20036.

8.     All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Purchased Assets.

9.     The Court shall conduct the Sale Hearing commencing on March 31, 2009 at 10:00 a.m. Eastern Time, at which time, the Court will consider approval of the Sale to the Successful Bidder.

10.    Objections to (i) proposed cure amounts set forth in the Cure Notice (the "Cure Amounts") and (ii) the proposed assumption and assignment of the Assumed and Assigned Contracts including, but not limited to, objections related to adequate assurance of future performance, must be in writing and filed with this Court and served upon (a) Office of the United States Trustee for the Eastern District of Virginia, 115 South Union Street, Suite 210, Alexandria, Virginia 22314, Attn: Dennis J. Early; (b) counsel for the Debtors, Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, VA 23219, Attn: Michael A. Condyles and Peter J. Barrett; (c) counsel for the Stalking Horse Purchaser, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036, Attn: Richard L. Epling and Karen B. Dine; and (d) counsel to the Official Committee of Unsecured Creditors appointed in the Debtors' bankruptcy cases (the "Committee");

4820-5296-0515.1

so as to be received by such parties on or before March 20, 2009 at 5:00 p.m. Eastern Time (the "Objection Deadline"); provided, however, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Purchaser, the deadline for objecting to the assignment of executory contracts and unexpired leases to such Successful Bidder shall be the commencement of the Sale Hearing.

11.     Unless an objection to the assumption and assignment of an Assumed and Assigned Contract is filed and served before the Objection Deadline, all counter-parties to the Assumed and Assigned Contracts shall (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Contracts, and the Debtors and Stalking Horse Purchaser (or the Successful Bidder) shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices, (ii) be deemed to have consented to the assumption and assignment, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or Stalking Horse Purchaser (or the Successful Bidder) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Contracts.

12.     Where a nondebtor counter-party to an Assumed and Assigned Contract files an objection asserting a cure amount higher than the proposed Cure Amounts (the "Disputed Cure Amount"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, and subject to the consent of the Stalking Horse Purchaser (or the Successful Bidder) of such consensual resolution, the Debtors shall promptly provide the Committee and the Stalking Horse Purchaser (or the Successful Bidder) notice and opportunity to object to such proposed resolution or (b) to the extent the parties are unable to consensually resolve

the dispute prior to the Sale Hearing, then such objection will be heard at the Sale Hearing or thereafter. Pending a ruling on such objection, if not made at the Sale Hearing, the amount necessary will be reserved and paid upon a final Court Order determining the correct cure amount and will be paid as provided in the APA. All other objections to the proposed assumption and assignment of an Assumed and Assigned Agreement will be heard at the Sale Hearing.

13. All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

14. The Sale of the Purchased Assets is consistent with section 363(b)(1)(A) of the Bankruptcy Code and the Debtors' privacy policy, and no consumer privacy ombudsman is necessary in connection with the Sale.

15. The Stalking Horse Purchaser shall have standing to object to the sale of the Purchased Assets to the Successful Bidder other than the Stalking Horse Purchaser. This Order shall not be a determination regarding the Stalking Horse Purchaser's standing regarding any other issue in connection with the Sale.

16. Neither the tendering of a Bid nor the determination that a Bid is a Qualified Bid shall entitle a Potential or Qualified Bidder to any breakup, termination or similar fee, or any expense reimbursement and all Potential and Qualified Bidders waive any right to seek a claim for substantial contribution.

17. The Sale Notice attached hereto as Exhibit 2 provides proper notice to all parties in interest and is approved.

18.        The Cure Notice attached hereto as <u>Exhibit 3</u> provides proper notice to all parties in interest and is approved.

19.        On or before February 24, 2008, the Debtors shall serve by first class mail, postage prepaid, copies of: (i) this Order; (ii) the Motion; (iii) the Sale Notice; and (iv) the Cure Notice, upon the following entities: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the Debtors' secured lender; (d) the Internal Revenue Service; (e) the taxing authorities to which the Debtors pay taxes; (f) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (g) the six parties the Debtors engaged in discussions regarding a potential sale prior to the Debtors' bankruptcy filings (the "<u>Other Interested Parties</u>"; and (h) all parties to contracts, real property leases and intellectual property licenses identified in the APA (collectively, the "<u>Notice Parties</u>").

20.        On or before February 24, 2008, the Debtors shall cause the Sale Notice to be published in the national edition of a daily newspaper and/or an industry trade publication, pursuant to Bankruptcy Rule 2002(1). Such publication notice shall be sufficient and proper notice to any other interested parties.

21.        A Qualified Bidder that desires to make a Bid shall comply with the requirements set forth in the Bid Procedures in making such a bid for the Purchased Assets and submit a Qualifying Bid on or before March 23, 2009 at 5:00 p.m. (Eastern Time) (the "<u>Bid Deadline</u>") in writing to:  (i) the Debtors, On-Site Sourcing, Inc., 2011 Crystal Drive, Suite 200, Arlington, VA 22202, Attn: Robert Ballou, President; (ii) counsel for the Debtors, Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, VA  23219, Attn: Michael A. Condyles and Peter J. Barrett; (iii) the Debtors' financial advisors, Gulf Atlantic Capital Corporation, 2701 N.

Rocky Point Drive, Suite 630, Tampa, FL 33607, Attn: Ted Gumienny; (iv) counsel for the Stalking Horse Purchaser, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036, Attn: Richard L. Epling and Karen B. Dine; and (v) counsel for the Committee.

22.      Not later than March 24, 2009 at 5:00 p.m. Eastern Time, the Debtors will notify all Qualified Bidders of (i) the highest or otherwise best Qualified Bid (the "Baseline Bid") and (ii) the time and place of the Auction, and provide copies of all Qualified Bids to all Qualified Bidders.

23.      Not later than March 25, 2009 at 5:00 p.m. Eastern Time, each Qualified Bidder who has submitted a Qualified Bid must inform the Debtors whether it intends to participate in the Auction.

24.      Upon conclusion of the bidding, the Auction shall be closed, and Debtors shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) immediately identify the highest or otherwise best offer for the Acquired Assets (the "Successful Bid" and the entity submitting such Successful Bid, the "Successful Bidder").

25.      The Debtors shall sell the Acquired Assets to the Successful Bidder upon approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtors presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing, to be held before the Honorable Robert G. Mayer, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern

4820-5296-0515.1

District of Virginia, Alexandria Division, at 200 S. Washington Street, Alexandria, Virginia 22314 on March 31, 2009 at 10:00 a.m. Eastern Time, or as soon thereafter as counsel may be heard.

26.     This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

27.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.     Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

29.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

30.     This Court shall retain the right to modify this Order and the Bid Procedures by further Order of the Court.

4820-5296-0515.1

Dated: February _____, 2009

_____
United States Bankruptcy Judge

Proposed order submitted by:

**ON-SITE SOURCING, INC., et al.**

By: /s/ Peter J. Barrett
_____
Michael A. Condyles (VA 27807)
Loc Pfeiffer (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
*Proposed Counsel to the Debtors*

LOCAL RULE 9022-1(C)(2) CERTIFICATION

The undersigned hereby certifies that on the 19th day of February 2009, and pursuant to the Order establishing Case Management procedures entered by the Court on February 10, 2009, the foregoing proposed Order was served upon all necessary parties via electronic-mail or via first-class mail, postage prepaid.

/s/  Peter J. Barrett
_____

4820-5296-0515.1

**EXHIBIT 1**

# BID PROCEDURES

DocuForce Financial Corp, On-Site Sourcing, Inc. and On-Site LA, Inc. (collectively, the "Debtors") have filed chapter 11 cases pending in the United States Bankruptcy Court in the Eastern District of Virginia (the "Bankruptcy Court"), jointly administered under Case No. 09-10816. By motion dated February 4, 2009 (the "Motion"), the Debtors seek, among other things, approval of the process and procedures set forth below (the "Bidding Procedures") in connection with an auction (the "Auction") to effectuate the sale (the "Sale") of the Purchased Assets as set forth in the Purchase Agreement (as defined below) (the "Bidding Procedures Order"). The Bid Procedures are designed to facilitate a full and fair bidding process to maximize the value of the Purchased Assets for the benefit of the Debtors' creditors and the bankruptcy estate.

On or before March 31, 2009, as further described below, the Bankruptcy Court shall conduct a hearing (the "Sale Hearing") at which time the Debtors shall seek entry of an order (the "Sale Order") authorizing and approving the sale of the Purchased Assets to Integreon Managed Solutions D.C., Inc. (the "Stalking Horse Purchaser") or to the Successful Bidder (defined below).

1. **Asset Purchase Agreement**

The Debtors have agreed to the definitive form of asset purchase agreement with respect to the Purchased Assets (the "APA") with the Stalking Horse Purchaser, pursuant to which the Stalking Horse Purchaser propose to acquire the Purchased Assets. The assets to be purchased as part of the Sale do not include the Excluded Assets described in the APA. The transaction contemplated by the APA is subject to competitive bidding as set forth in the Motion as described herein and approval by the Bankruptcy Court (as defined below) pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), and certain other closing conditions.

2. **Participation Requirements**

In order to participate in the bidding process, each person (a "Potential Bidder") must first deliver to the Debtors and their counsel, no later than March 18, 2009, the following items (collectively, the "Participation Requirements"):

   i.    Confidentiality Agreement. An executed confidentiality agreement in form and substance reasonably acceptable to the Debtors (each a "Confidentiality Agreement"); provided, however, that any such Confidentiality Agreement shall include substantially equivalent restrictions on such Potential Bidder as the confidentiality agreement entered into by the Stalking Horse Purchaser with the Debtors; and

   ii.    Proof of Financial Ability to Perform. The most current audited (if available) and latest unaudited financial statements of the Potential Bidder, or such other form of financial disclosure evidencing the Potential Bidder's ability to close the Sale, the sufficiency of which shall be determined by the Debtors and their financial advisors in their reasonable discretion.

3. **Access to Due Diligence Materials**

Upon satisfaction of the Participation Requirements, any Potential Bidder (thereafter to be deemed a "Qualified Bidder") that wishes to conduct due diligence on the Purchased Assets shall be provided a confidential information memorandum. Qualified Bidders intending to submit a Qualifying Bid (as defined below) may be granted access to additional information regarding the Business available in a virtual data room. To the extent additional information regarding the Business is provided to a Qualifying Bidder and was not provided to the Stalking Horse Purchaser, the Stalking Horse Purchaser shall be entitled to receive such additional information.

The Stalking Horse Purchaser and Qualified Bidders shall be permitted to identify potential key employees and to engage in discussions with such employees, concerning future terms of employment and to reach agreements in principle with respect to such employment, conditioned on the Stalking Horse Purchaser or Qualified Bidder becoming the Successful Bidder (defined below) and consummation of the sale of the assets; provided that neither the Stalking Horse Purchaser or any Qualified Bidder shall make an offer of employment to such employee that would engage such employee prior to determination of the Successful Bidder. The identity of any employees reaching such agreements in principle with either the Stalking Horse Purchaser or Qualified Bidder shall be disclosed in a schedule to the APA.

4. **Bid Deadline**

Any Qualified Bidder interested in participating in the Auction must submit a Qualifying Bid (as defined below) on or before March 23, 2009 at 5:00 p.m. Eastern Time (the "Bid Deadline") in writing to: (i) the Debtors, On-Site Sourcing, Inc., 2011 Crystal Drive, Suite 200, Arlington, VA 22202, Attn: Robert Ballou, President; (ii) counsel for the Debtors, Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, VA 23219, Attn: Michael A. Condyles and Peter J. Barrett; (iii) the Debtors' financial advisors, Gulf Atlantic Capital Corporation, 2701 N. Rocky Point Drive, Suite 630, Tampa, FL 33607, Attn: Ted Gumienny; (iv) counsel for the Stalking Horse Purchaser, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036, Attn: Richard L. Epling and Karen B. Dine; and (v) counsel for the Official Committee of Unsecured Creditors appointed in the Debtors' Bankruptcy Cases.

5. **Qualifying Bids**

In order to participate in the bidding process, each Qualified Bidder must submit a "Qualifying Bid" in writing by the Bid Deadline. To constitute a Qualifying Bid, a bid must comply with the following conditions:

    a.    Writing. A Bid must be in writing and it must state that such bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Purchased Assets on terms and conditions that are substantially the same or better than the terms of the APA.

    b.    Modified APA. A Bid shall include a clean and duly executed APA (the "Modified APA") and a black-lined copy reflecting all of the variations from the APA, including those related to the Purchase Price; provided, however, that the terms of the Modified APA are substantially the same or better than the terms of the APA.

c.    <u>Purchased Assets</u>.  Each Bid shall be for all, directly or indirectly, 100% of the Business for consideration consisting of cash and/or securities (with a value of at least $29,060,000) and the assumption of substantially all liabilities required to be assumed by Purchaser under the APA.

d.    <u>Executory Contracts</u>.  A Bid must identify with particularity each executory contract and unexpired lease that is to be assumed and assigned pursuant to the Modified APA.

e.    <u>Contingencies</u>.  A Bid may not contain any due diligence or financing contingencies of any kind.

f.    <u>No Fees</u>.  A Bid may not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment.

g.    <u>Authorization to Bid</u>.  A Bid shall include evidence of authorization and approval from such Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA.

h.    <u>Identity of Qualified Bidders</u>.  Each Qualified Bidder must fully disclose the identity of the party or parties that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation.

i.    <u>Minimum Initial Bid Requirement</u>.  Each Qualified Bidder's Bid shall have an initial minimum bid requirement equal to the sum of $29,060,000.  Notwithstanding any other provision herein to the contrary, each Bid must provide for the payment of the Breakup Fee in cash.

j.    <u>Financing Facility</u>.  The Potential Bidder shall enter into or arrange for one or more revolving credit or liquidity facilities with respect to the obligations of the Debtors and the Business that are at least equivalent to the revolving financing facilities to be provided to Debtors by the Stalking Horse Purchaser (which revolving credit or liquidity facilities shall take effect simultaneously with the termination of, and shall supersede, the facilities to be provided by the Stalking Horse Purchaser.

k.    <u>Good Faith Deposit</u>.  Each Bid must be accompanied by a cash deposit equal to ten (10%) percent of the amount offered to purchase the Purchased Assets.

l.    <u>Other Evidence</u>.  Each Bid must contain evidence satisfactory to the Debtors that the bidder is reasonably likely (based on availability of financing, experience and other considerations) to be able to timely consummate a purchase of the Purchased Assets if selected as the Successful Bidder (as defined below).

The Debtors shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be Qualifying Bids by no later than 5:00 p.m. Eastern Time on March 24, 2009.

**6. <u>Auction</u>**

In the event that the Debtors receive at least one (1) Qualified Bid (other than that of the Stalking Horse Purchaser) by the Bid Deadline, the Debtors shall conduct an Auction of the Purchased Assets to determine the highest and otherwise best bid with respect to the Purchased Assets. The Debtors will notify all Qualified Bidders, the Stalking Horse Purchaser, and the Notice Parties of (i) the highest or otherwise best Qualified Bid (the "<u>Baseline Bid</u>") and (ii) the time and place of the Auction no later than March 24, 2009 at 5:00 p.m. Eastern Time. No later than March 25, 2009 at 5:00 p.m. Eastern Time, each Qualified Bidder who has submitted a timely Qualified Bid must inform the Debtors whether it intends to participate in the Auction. The Auction shall commence at 10:00 a.m. Eastern Time on March 27, 2009 at, 2009 at the offices of Kutak Rock LLP, 1101 Connecticut Avenue, Suite 1000, Washington, DC 20036.

The Auction shall be governed by the following procedures:

i. The Qualifying Bidders and the Stalking Horse Purchaser shall appear in person at the Auction, or through a duly authorized representative.

ii. Only representatives of the Debtors, holders of Qualifying Bids, the Stalking Horse Purchaser and the Official Committee of Unsecured Creditors (the "<u>Committee</u>") shall be entitled to be present at the Auction.

iii. Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

iv. Bidding shall commence at the Baseline Bid.

v. Qualifying Bidders and the Stalking Horse Purchaser may then submit successive bids in increments of at least $500,000 over the previous highest or best Bid. The bid increment amount may be reduced to $250,000 at any time by the Debtors and their financial advisors during the Auction. Additional consideration in excess of the amount set forth in the Baseline Bid must be in cash; provided, however, any successive bid made by the Stalking Horse Purchaser may be in the form of a credit bid to the extent permitted under section 363(k) of the Bankruptcy Code.

vi. All Qualifying Bidders and the Stalking Horse Purchaser shall have the right to submit additional bids, subject to clause (v) above, and make additional modifications to the APA or Modified APA, as applicable, at the Auction.

vii. The Auction shall continue until there is only one offer that the Debtors determine (following consultation with the Committee), subject to Court approval, is the highest or best offer from among the Qualifying Bidders submitted at the Auction (the "<u>Successful Bid</u>"). In making this decision, the Debtors may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each Qualifying Bidder or Stalking Horse Purchaser, the net

benefit to the Debtors' estates, and the views of the Committee. The Qualifying Bidder or the Stalking Horse Purchaser submitting such Successful Bid shall become the "Successful Bidder."

viii. If a Successful Bid is approved, within three (3) days of approval, the Successful bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful bid was made and make and pay for all necessary filings with all applicable government or other authorities. Bids made after the close of the Auction shall not be considered by the Debtors.

ix. In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the applicable purchase agreement by the closing date contemplated in such purchase agreement, the Debtors shall (i) retain the Successful Bidder's Good Faith Deposit as liquidated damages; and (ii) be free to enter into a new purchase agreement with the next most appropriate Qualified bidder at the highest price Bid by the bidder at the Auction, whose Qualifying Bid shall be deemed open, without the need for an additional hearing or order before the Bankruptcy Court.

## 7. Bid Protections

Recognizing the Stalking Horse Purchaser's expenditure of time, energy, and resources, the Sellers have agreed that if the Purchaser is not the Successful Bidder, the Sellers will, in certain circumstances, reimburse the Stalking Horse Purchaser's expenses (including the fees and expenses of Stalking Horse Purchaser's legal counsel and financial advisors) incurred in connection with the APA, the Sale Motion, Sale Order, and Bidding Procedures and financings or proposed financings (the "Expense Reimbursement"), subject to the Expense Reimbursement Cap. The payment of Expense Reimbursement will be governed by the provisions of the APA and the Bidding Procedures Order. Under no circumstances will a break-up fee, expense reimbursement or other similar bid protections be provided by the Debtors to any potential bidder or bidder other than the Stalking Horse Purchaser that submit a Qualified Bid.

## 8. The Sale Hearing

The Sale Hearing will be held before the Honorable Judge Robert G. Mayer on March 31, 2009 at 10:00 a.m. Eastern Time in the Bankruptcy Court, 200 S. Washington St., Alexandria, VA 22314-5405. The Sale Hearing may be adjourned or rescheduled with the consent of the Purchaser without further notice by an announcement of the adjourned date at the Sale Hearing. If the Debtors do not receive any Qualified Bids (other than the Qualified Bid of the Stalking Horse Purchaser), the Debtors will report the same to the Bankruptcy Court at the Sale Hearing and will proceed with a sale of the Purchased Assets to the Stalking Horse Purchaser following entry of the Sale Order.

## 9. Return of Good Faith Deposit

The Good Faith Deposit of the Successful Bidder shall be applied to the Purchase Price of such transaction at the closing of the Sale. The Good Faith Deposits of all other Qualified Bidders

shall be returned by no later than the fifth (5th) Business Day following the conclusion of the Auction.

**EXHIBIT 2**

Michael A. Condyles (VA 27807)
Loc Pfeiffer (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
(804) 644-1700
*Proposed Counsel to the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-10816 |
| | ) Jointly Administered |
| ON-SITE SOURCING, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) |
| | ) |

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE THAT that on [_____] 2009, the United States Bankruptcy

Court for the Eastern District of Virginia, Alexandria Division (the "<u>Bankruptcy Court</u>") entered

the Order (A) Approving Bid Procedures Relating to Sale of Substantially All of the Debtors'

Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and Manner of

Notice of Sale by Auction; (D) Establishing Procedures for Noticing and Determining Cure

Amounts; and (E) Granting Related Relief (the "<u>Bid Procedures Order</u>") [Docket No. [___]].

PLEASE TAKE FURTHER NOTICE that the Bid Procedures Order granted certain relief

requested in the Motion of the Debtors for Entry of Orders (I) (A) Establishing Bid Procedures

Related to the Sale of Substantially All of the Debtors' Assets, (B) Scheduling a Hearing to

Consider the Sale, (C) Approving the Form and Manner of Notice of Sale by Auction,

(D) Establishing Procedures for Noticing and Determining Cure Amounts and (E) Granting

Related Relief; and (II) (1) Approving Asset Purchase Agreement and Authorizing the Sale Free

---

[1]The debtors in these proceedings are:  On-Site Sourcing, Inc., DocuForce, Inc. and On-Site LA, Inc.

4820-5296-0515.1

and Clear of All Liens, Claims, Encumbrances and Interests, (2) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (3) Granting Related Relief (the "Motion").

PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, the Debtors will conduct an auction (the "Auction") for the sale of substantially all of the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances and interests on **March 27, 2009, at 10:00 a.m. Eastern Time** at the offices of Kutak Rock LLP, 1101 Connecticut Avenue, Suite 1000, Washington, DC 20036. Any bidder desiring to submit a bid to purchase the Purchased Assets must submit a qualifying bid pursuant to the bid procedures (the "Bid Procedures") set forth in the Motion and the Bid Procedures Order by **March 23, 2009 at 5:00 p.m. Eastern Time.**

PLEASE TAKE FURTHER NOTICE that all bids shall be subject to higher and better bids at the Auction in accordance with the Bid Procedures and the Bid Procedures Order. The results of the Auction will be presented to the Bankruptcy Court for approval at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in these chapter 11 cases. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE THAT THE SALE HEARING TO CONSIDER RELIEF REQUESTED IN THE MOTION WITH RESPECT TO APPROVAL OF THE SALE TO THE SUCCESSFUL BIDDER WILL BE HELD ON **March 31, 2009, AT 10:00 A.M. EASTERN TIME** BEFORE THE HONORABLE ROBERT G. MAYER AT THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION, 200 S. WASHINGTON STREET, ALEXANDRIA, VA 22314-5405.

**ON-SITE SOURCING, INC., et al.**

Dated: February _____, 2009

/s/
_____
Michael A. Condyles (VA 27807)
Loc Pfeiffer (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192
*Proposed Counsel to the Debtors*

**EXHIBIT 3**

Michael A. Condyles (VA 27807)
Loc Pfeiffer (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
*Proposed Counsel to the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-10816 |
| | ) | Jointly Administered |
| ON-SITE SOURCING, INC., et al.,[3] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## CERTAIN CONTRACTS AND LEASES AND THE CURE
## AMOUNTS FOR THOSE CONTRACTS AND LEASES

**TO [SPECIFIC LEASE / CONTRACT COUNTERPARTY]**:

PLEASE TAKE NOTICE THAT on [_____], 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Cure Schedule,[4] which is attached hereto as Exhibit A, setting forth the Cure Amounts of contracts and leases that the Debtors propose to assume and assign to the Successful Bidder.

PLEASE TAKE FURTHER NOTICE THAT the Cure Schedule is submitted with the following limitations. First, by including amounts due as February 4, 2009 for pre-petition

---

[3] The debtors in these proceedings are: On-Site Sourcing, Inc., DocuForce, Inc. and On-Site LA, Inc.

[4]     Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion of the Debtors for Entry of Orders (I) (A) Establishing Bid Procedures Related to the Sale of Substantially All of the Debtors' Assets, (B) Scheduling a Hearing to Consider the Sale, (C) Approving the Form and Manner of Notice of Sale by Auction, (D) Establishing Procedures for Noticing and Determining Cure Amounts and (E) Granting Related Relief; and (II) (1) Approving Asset Purchase Agreement and Authorizing the Sale Free and Clear of All Liens, Claims, Encumbrances and Interests, (2) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (3) Granting Related Relief.

contracts and leases, the Debtors are not thereby admitting that any such contract or lease is executory or unexpired and subject to assumption under section 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"). Second, inclusion of a contract or lease on the Cure Schedule does not mean that the Debtors necessarily will assume the contract or lease or that such contract or lease will be assigned to the Successful Bidder. Third, the Debtors do not waive their rights to dispute any of the Cure Amounts listed on the Cure Schedule.

PLEASE TAKE FURTHER NOTICE THAT the Cure Schedule does not address post-petition amounts that may be due and owing under any contract or lease as of the date of any assumption and assignment.

**PLEASE TAKE FURTHER NOTICE THAT <u>your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in these chapter 11 cases. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE THAT objections to the proposed Cure Amount set forth on the Cure Schedule, or to the assumption and assignment to the Successful Bidder of any of the contracts or leases listed in the Cure Schedule, if any, must (a) be in writing, (b) set forth in reasonable detail the nature of and grounds for the objection, (c) if the objection relates to the Cure Amount, set forth in reasonable detail the amount that the counterparty believes is the appropriate Cure Amount, and should be accompanied by a reasonably detailed statement supporting the counter-party's allegation of the appropriate Cure Amount, (d) conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Rules</u>"), and (e) be served on: i) the Office of the United States Trustee for the Eastern District of Virginia, 115 South Union Street, Suite 210, Alexandria,

Virginia 22314, Attn: Dennis J. Early; (ii) counsel for the Debtors, Kutak Rock LLP, 1111 East Main Street, Suite 800, Richmond, VA 23219, Attn: Michael A. Condyles and Peter J. Barrett; (iii) counsel for the Stalking Horse Purchaser, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036, Attn: Richard L. Epling and Karen B. Dine; and (iv) counsel for any official committee appointed in the Debtors' Bankruptcy Cases. Objections must be filed in the United States Bankruptcy Court for the Eastern District of Virginia and served so as to be received on or before **March 20, 2009 at 5:00 p.m. Eastern Time** (the "Objection Deadline"), provided however, that in the event the Auction results in a Successful Bidder other than the Stalking Horse Purchaser, the deadline for objections shall be the commencement of the Sale Hearing on **March 31, 2009 at 10:00 a.m. Eastern Time.**

Unless an objection to the assumption and assignment of an Assumed and Assigned Contract is filed and served before the Objection Deadline, all counter-parties to the Assumed and Assigned Contracts shall (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assumed and Assigned Contracts, and the Debtors and Stalking Horse Purchaser (or the Successful Bidder) shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) be deemed to have consented to the assumption and assignment, and (iii) be forever barred and estopped from asserting or claiming against the Debtors or Stalking Horse Purchaser (or the Successful Bidder) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Contracts.

**ON-SITE SOURCING, INC., et al.**

Dated: February _____, 2009

/s/
_____
Michael A. Condyles (VA 27807)
Loc Pfeiffer (VA 39632)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192
*Proposed Counsel to the Debtors*