IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: )<br>ON-SITE SOURCING, INC., ET AL., )<br>)<br>    DEBTORS. )<br>)<br>OFFICIAL COMMITTEE OF )<br>UNSECURED CREDITORS OF ON-SITE )<br>SOURCING, INC., ET AL., )<br>)<br>    APPELLANT, )<br>)<br>        v. )<br>)<br>UNITED STATES TRUSTEE, )<br>)<br>    APPELLEE. )<br>) | 1:09cv823 (JCC) |

**O R D E R**

This matter is before the Court on the appellee, United States Trustee's (the "Appellee") Motion to Dismiss the appeal ("Appeal") filed by the Official Committee of Unsecured Creditors of On-Site Sourcing, Inc. et al. (the "Appellant" or the "Committee"). The Committee filed the Appeal from the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court") to this Court on or about July 24, 2009. The Appellee submits, and the Court agrees, that this Appeal should be dismissed because the jointly administered cases of On-Site Sourcing, Inc., et al., have been converted from Chapter 11 cases to Chapter 7 cases. (Appellee's

1

Mot. to Dismiss Appeal at 1.)

Many courts have held that conversion of a Chapter 11 case to a Chapter 7 case dissolves any committee appointed under 11 U.S.C. § 1102. *See In re Great N. Paper, Inc.*, 299 B.R. 1, 5 (D. Maine 2003); *Unsecured Creditors Committee of Butler Group, Inc. v. Butler*, 94 B.R. 433, 436 (Bankr. N.D. Tex. 1989); *In re Freedlander, Inc. The Mortgage People*, 103 B.R. 752, 758 (Bankr. E.D. Va. 1989); *In re Diversified Capital Corp.*, 89 B.R. 826, 829 (Bankr. C.D. Cal. 1988). Further, "[c]onversion of proceedings from Chapter 11 to Chapter 7 has the same effect on a creditors' committee as dismissal of the proceedings." *In re Great N. Paper, Inc.*, 299 B.R. at 3 (citing *In re Parks Jaggers Aerospace Co.*, 129 B.R. 265, 268 (M.D. Fla. 1991) ("the committee permanently dissolves when the Chapter 11 proceeding is dismissed or converted to a Chapter 7 action."); *In re Freedlander, Inc. The Mortgage People*, 103 B.R. at 758 ("conversion to Chapter 7, and the ensuing termination of the Chapter 11 Order For Relief, results in the dissolution of any committee appointed under 11 U.S.C. § 1102 . . . ."); *In re Kel-Wood Timber Products Co.*, 88 B.R. 93, 94 (Bankr. E.D. Va. 1988) (same)). Thus, the Court finds that the Appeal should be dismissed in light of the Committee's dissolution and the absence of an appellant to further prosecute this appeal.

For the foregoing reasons, it is hereby ORDERED that:

(1) Appellee, United States Trustee's Motion to Dismiss the Appeal for Lack of Prosecution [14] is GRANTED;

(2) Appellant, the Official Committee of Unsecured Creditors of On-Site Sourcing, Inc. et al.'s Appeal [1] is DISMISSED;

(3) Appellant, the Official Committee of Unsecured Creditors of On-Site Sourcing, Inc. et al., shall have sixty (60) days from the date of entry of this Order to file a notice of appeal; and

(4) the Clerk of the Court shall forward copies of this Order to all counsel of record.

THIS ORDER IS FINAL.

February 17, 2010                              /s/
Alexandria, Virginia                   James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE